1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   Aaron Raiser,                                    Case No.: 19cv1571-CAB-WVG

12                              Plaintiff,    **1) DISMISSING CIVIL ACTION
                                              AS FRIVOLOUS AND FOR FAILING**
13            vs.                             **TO STATE A CLAIM PURSUANT
                                              TO 28 U.S.C. § 1915(e)(2)(B)(i), (ii);**
14                                            **2) DENYING MOTION TO**
     United States District Court for the    **PROCEED IN FORMA PAUPERIS**
15   Southern District of California, et al., **AND AS MOOT [Doc. No. 2]; AND**
16                              Defendants.   **3) DENYING MOTION TO FILE
                                              ELECTRONICALLY AS MOOT**
17                                            **[Doc. No. 5]**
18
19
20
21

22          Aaron Raiser ("Plaintiff"), filed this civil action against the United States District

23   Court for the Southern District of California, Chief Judge Larry Burns, Daniel Nanula, and

24   all non-judicial staff of this Court. [Doc. No. 1.]  In the complaint, Plaintiff requests a court

25   order that judicial staff not be allowed to perform any work in another pending case

26   (19cv1295-AJB-JLB), and that only "a judge read Plaintiff's filings, do the research and

27   draft the orders in that case."  [Doc. No. 1 at ¶32.]

28          Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the

time of filing; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

## I. Screening pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

A complaint filed by *any* person seeking to proceed IFP is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served."). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1128, n.8.

### B. Plaintiff's Complaint

Here, Plaintiff's complaint clearly fails to state a claim upon which relief may be granted because he is asking this Court to issue an order regarding how the work in another case should be conducted. This Court knows of no authority for the proposition that one district judge can order another district judge to handle a particular case in a particular manner.[1] Moreover, the relief Plaintiff seeks is unrealistic and frivolous, as judicial staff work for and at the direction of the judges. Finally, judges and their staff are absolutely immune from suit when performing judicial responsibilities. *See In re Castillo,* 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (absolute judicial immunity is

---

[1] If Plaintiff objects to rulings made in 19cv1295-AJB-JLB, he should pursue his appellate rights in that case.

afforded to judges for acts performed by the judge that relate to the judicial process); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)("Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " *Id.* (*quoting Cleavinger v. Saxner*, 474 U.S. 193 (1985)); *Mullis v. U.S. Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)("[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."); *Samuel v. Michaud*, 980 F.Supp.1381, 1403 (D. Idaho 1996)(conspiracy allegations against federal clerks "precluded from suit by the doctrine of absolute quasi-judicial immunity). Therefore, the complaint is frivolous and fails to state a claim.

## II.     Conclusion and Order

   Good cause appearing, the Court:

   1)     **DISMISSES** this civil action, *Raiser v. United States District Court for the Southern District of* California, 19cv1571-CAB-WVG, as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii);

   2)     **DENIES** Plaintiff's Motions to Proceed IFP as moot (Doc. No. 2, );

   3)     **DENIES** Plaintiff's Motion for Leave to Electronically File Documents [Doc. No. 5] as moot;

   4)     **CERTIFIES** that an IFP appeal of this Order of dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). S*ee Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

   5)     **DIRECTS** the Clerk of Court to enter a final judgment of dismissal in this matter and to close the file.

Dated:  August 28, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge